United States District Court
Southern District of Texas
**ENTERED**
January 16, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JIMMY D. SAVILLE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-80 |
| | § | |
| WINSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

In its order to answer (Dkt. 16), the Court ordered the parties to disclose to each other all information relevant to the claims or defenses of any party. The deadline for this disclosure was 30 days after the date on which the defendants filed their answer. The lone served defendant, James Denheim, has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); the plaintiff, Jimmy Saville, has requested and received an extension of his deadline to respond to that motion (Dkt. 18 and Dkt. 23).

The motion to dismiss is not yet ripe, but three other motions are pending before the Court.

### a. The request for a stay of the disclosure deadline

The first motion is a request by Denheim for a stay of the disclosure deadline until the Court has ruled on Denheim's motion to dismiss. That motion (Dkt. 25) is **GRANTED**. The disclosure deadline is stayed until further notice.

### b. The request for counsel

The second motion is a request by Saville for the appointment of counsel. That motion (Dkt. 21) is **DENIED**. There is no automatic constitutional right to appointment of counsel in civil rights cases. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Where a litigant proceeds in forma pauperis, the most a court can do is "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989) (holding that the statute governing in forma pauperis cases does not authorize "coercive appointments of counsel" for indigent litigants in civil cases). "An attorney should be appointed only if exceptional circumstances exist." *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). In making that determination, the Court considers the case's type and complexity, the litigant's ability to investigate and present his claims, and the level of skill required to present the evidence. *Baranowski*, 486 F.3d at 126.

This case does not, as yet, present any exceptional circumstances necessitating the appointment of counsel. Saville has clearly articulated his claims, and the legal and factual issues presented by the case have not displayed the extraordinary complexity that would warrant a counsel appointment. The court concludes that it is unnecessary to locate counsel for Saville at this time and will deny his motion for the appointment of counsel without prejudice to refiling.

### c. The request for a "rolling docket notification"

The third motion is a request by Saville for a "rolling docket notification," which the Court presumes is a request that the Court automatically provide a docket sheet to Saville whenever something happens in his case. The Court will **DENY** this request (Dkt. 22). The Court provides copies of all of its orders by mail to all parties. In addition, as the Court's order to answer (Dkt. 16) states, the parties are to serve each other with copies of any materials submitted for consideration by the Court. There is no indication that any party has failed to comply with that service requirement.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 16th day of January, 2018.

_____
George C. Hanks Jr.
United States District Judge